Tomson *v.* Tomson.

PETER C. TOMSON

*v.*

ELIZABETH TOMSON.

In a case of fraud,—*Held,* that this court has jurisdiction to restrain the payment of moneys in the hands of a sheriff of this state, under proceedings of foreclosure in this court, or the assignment of mortgages'on lands in this state by a defendant, although both parties are residents of another state.

Bill for relief. On motion to dissolve injunction, on bill and answer.

*Mr. D. J. Pancoast,* for the motion

*Mr. A. C. Scovel, contra.*

THE CHANCELLOR.

The bill states that in or about the year 1853, the complainant became acquainted with the defendant, who was then introduced to him as a single woman, by the name of Miss Elizabeth D. Murphy; that she then, and subsequently, pretended to him that she was a single woman, and, as such, received his addresses with a view to matrimony; and that they were subsequently, on the 1st of October, 1854, married at Philadelphia, she passing by the name of Elizabeth D. Murphy. The bill further states that they lived together, though unhappily, for several years; and that in August, 1876, they separated, and articles of separation were executed by them, in pursuance of which he paid over to her, merely in consideration of the separation, $2,200 in cash, gave her his note for $10,000, which was paid at maturity, and also assigned to James W. Beaumont, as trustee for her and for her benefit, bonds and mortgages on property in this state, to the amount of $37,800; and that he subsequently discovered that, at the

Tomson v. Tomson.

time of the marriage, she was not, in fact, a single woman, but was the wife of a man by the name of Samuel Naghel, who subsequently, and on or about the 21st of October, 1867, died.

The bill prays relief on the ground of fraud, the fraud consisting in the false pretense on the part of the defendant that she was a single woman at the time when she was married to the complainant. If she was, at that time, the lawful wife of Samuel Naghel, the marriage between her and the complainant was, of course, void, and her concealment of that fact up to the time of the arrangement for the separation, and her receipt of the money and securities which were paid and delivered over to or for her, under the articles of separation, was, if she, in fact, was not the lawful wife of the complainant, a fraud upon him, for which relief may be had in equity, so far as any of the securities are concerned which are yet within the reach of the court. By her answer, she admits the marriage between her and the complainant at the time mentioned in the bill, and says that previously, and on the 21st of August, 1841, she was married to Samuel Naghel, in the city of Philadelphia, but denies that the marriage with Naghel was valid, alleging that, on the other hand, it was null and void by reason of the fact that he was, at the time of that marriage, the lawful husband of another woman, to whom he was married in 1835. She says that she cohabited with him as her lawful husband for a few months after her marriage to him, in ignorance of the fact that he was, at the time of her marriage to him, already a married man. She further says that he was a sea-faring man, and soon after her marriage to him, and in November, 1842, he went to sea, and in November of the following year, and before his return, she heard of his former marriage, and subsequently, and in the same year, met his lawful wife in the city of New York, where he had maintained her and his three children by her, as his legitimate family, for several years previous to his attempted marriage to the defendant; that on discovering

Tomson *v.* Tomson.

the imposition which had been practiced upon her by him in inducing her to believe him to be a single man, she sought the advice of counsel in Philadelphia, and, after stating the circumstances, was advised that the marriage was null and void, and that she might safely treat it as such, and resume her maiden name as a single woman, and that she acted accordingly, and repudiated Naghel as her husband; that she and her friends and relations immediately took measures to have him arrested and punished for the injury he had done her, and for his offence against the law; but he did not return from his voyage when he was expected; that she has never seen him since he went to sea in 1842; and, in the year 1846, she was credibly informed that he had died in New Orleans, and since that time she has never heard from him in any way, and has always believed him to be dead. She denies that she made any false or fraudulent representations or statements to the complainant to induce him to marry her, and claims that the marriage between them was lawful. She admits the separation and the cause of it, attributing it, however, to the conduct of the complainant. She alleges that there is, and was, pending, when the bill was filed, a suit brought against her by the complainant for divorce in the court of common pleas for the city and county of Philadelphia, to the libel wherein she has answered denying the right of the complainant to the divorce; and she states that the suit has not yet reached a determination, but is still pending. She insists that the subject of complaint in the bill in this cause is cognizable only by that court. The question discussed on this motion was whether this court has jurisdiction of the subject of this suit, in view of the pendency of the litigation for divorce in the state of Pennsylvania.

The injunction was sought in this state in view of the fact that the property mortgaged by the mortgages transferred for the benefit of the defendant upon their separation, is in this state, and the debtors are here. And, besides, foreclosure proceedings have been had in this court on one of the

mortgages, under which the premises have been sold by the late sheriff of the county of Gloucester, and one object of the complainant in bringing this suit was to prevent the payment to the defendant of the money raised on the execution for her. Part of the relief sought in this suit by injunction, viz., the preventing of the payment of the money by the sheriff to the defendant, could not have been obtained in the state of Pennsylvania. Moreover, the bill may be amended so as to include the mortgage debtors, and thus more complete relief, by injunction, be obtained. The courts of Pennsylvania can only reach the wife. The mortgage debtors and sheriffs are not subject to their jurisdiction. Both of these parties are, and were, when the bill bill was filed, residents of the state of Pennsylvania, and, if there was pending at the time when this suit was commenced, a litigation in Pennsylvania in which the relief sought in this suit might be granted, the complainant should be remitted to that forum. But it does not appear that any such litigation exists. There is, indeed, a suit for divorce, but it is for divorce merely, and has no reference to the property in question.

The property which the complainant seeks by this injunction to reach, consists of mortgages of real property in this state, or the proceeds of the sale of mortgaged premises here under the process of this court. Courts of law entertain the suit of a foreign creditor under our attachment act against even the choses in action of his foreign debtor here.

The answer does not deny the fact stated in the bill in regard to the pretence and representation by the defendant to the complainant, at the time of their courtship and marriage, that she was a single woman and had not been married. She does not state that she communicated to him the fact that she had been married to Naghel. She admits that she resumed (as she says, by the advice of counsel) her maiden name, and treated her marriage with Naghel as null and void, and as if it had never taken place. It remains, therefore, for her to establish the facts on which she relies

as rendering her marriage to Naghel void.   She offers no
proof of them in connection with her answer, except her
own uncorroborated affidavit.

The motion is denied.   If, however, it shall be made to
appear that the defendant requires, for her reasonable sup-
port during the pendency of this litigation, the interest
upon the mortgages in dispute, a proper allowance will be
made to her accordingly.